Carolyn LEWIS–CALHOUN, Plaintiff,

v.

**CITY OF JACKSON and the City of Jackson Police Department, Defendants.**

Civil Action No. 96–0933–AH–C.

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 16, 1997.

Marvin Wiggins, Selma, AL, for Plaintiff.

Andrew Rutens, Mobile, AL, Lawrence Wettermark, Mobile, AL, for Defendants.

### ORDER

HOWARD, Senior District Judge.

This matter is before the Court on Defendants' "Motion for Summary Judgment" [Doc. 13] in which Defendants move the Court to find that there are no genuine issues of material fact in this action so that judgment should be entered in its favor as a matter of law. Plaintiff has filed a response to such motion, [Doc. 17], and both parties have filed briefs and other evidence in support of their positions. For the reasons that follow, the Court makes the following Findings of Fact and Conclusions of Law and **GRANTS** Defendants' motion.

### FINDINGS OF FACT

1. Plaintiff is an African American female who resides in Thomasville, Alabama. In July 1995, Plaintiff submitted an application for employment with the City of Jackson as a police officer and dispatcher.

2. At the time of the application, Plaintiff was employed as a police officer with the City of Thomasville Police Department earning $819 bi-weekly. She had worked in this position for over three years.

3. The Plaintiff had also completed the Southwest Alabama Police Academy, worked nearly two and one half hears with the Department of Corrections, served as a security officer with NCO Security in Pinehill, Alabama, and served as a switchboard operator with the National Guard for nearly ten years. Plaintiff also had a high school degree and a year of training in computer operations from a technical college.

4. The hiring process with the City of Jackson Police Department entails an individual filling out an application for employment and then being interviewed. This interview is usually attended by the Chief and the Deputy Chief. The Deputy Chief does have input into the hiring process, but it is the decision of the Chief whether or not to hire an individual.

5. Plaintiff was interviewed for the position of radio communications officer (hereinafter RCO) on July 6, 1995 by Chief Oliver and Deputy Chief Charles Burge. The interview lasted between 15 and 20 minutes.

6. After the interview, Chief Oliver approached two employees of the City of Jackson regarding information they may have regarding Plaintiff. Chief Oliver talked with Peggy Kelley and Michael Hunt. Kelly is the Magistrate for the City of Jackson and had previously worked for the City of Thomasville Police Department as a dispatcher. Hunt is a narcotics officer with the City of Jackson.

7. Chief Oliver and the City of Jackson hired Clay Dumas (white male) to fill the vacant RCO position. Several months later, another RCO position became available. Chief Oliver and the City of Jackson hired Johnathan Ray Jones (white male) to fill this position.

8. Mr. Dumas had worked as an office clerk in a grocery store and as a truck driver. He had a high school diploma and some college experience in elementary education and business travel. Deputy Chief Burge had personal knowledge of Dumas due to the fact that Dumas worked directly under Burge's wife at Food Fair in Jackson, Alabama.

9. Mr. Jones had a high school diploma and previously worked in a hardware store. Chief Oliver received good recommendations from Jones's current employer and from one of Jones's former coaches.

10. Since Plaintiff's application Chief Oliver and the City of Jackson has hired the following people as either police officers or RCOs: Richard Harvey (white male), Lillie Stallworth (black female), Vivian Howard (black female), and Clint Harrell (white male).

11. Plaintiff initiated her complaint with the EEOC in November 1995. Her complaint was filed on February 14, 1996. Plaintiff received a right to sue letter on or about August 2, 1996. She filed the instant action in this Court on September 25, 1996. Plaintiff alleges that Defendant discriminated against her on the basis of her race and/or sex in violation of Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e, *et seq.*

### CONCLUSIONS OF LAW

### I. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.,* 882 F.2d 993, 996 (5th Cir.1989) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)); *accord Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994,

998 (11th Cir.1992), *cert. denied* 507 U.S. 911, 113 S.Ct. 1259, 122 L.Ed.2d 657 (1993).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–252, 106 S.Ct. at 2512. The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir.1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.,* 750 F.2d 838, 841 (11th Cir.1985)).

Once the movants, here, the Defendants, satisfy their initial burden under Rule 56(c) of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmovant to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting FED. R. CIV. P. 56(e)) (emphasis omitted). Otherwise stated, the nonmovant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).[1] "A mere 'scintilla' of evidence supporting the [nonmoving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party". *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir.1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole."

---

1. The shifting burden from movant to nonmovant at summary judgment described above applies regardless of which party will bear the burden of

proof at trial. *Id.* at 607 (citing *Adickes,* 398 U.S. at 157, 90 S.Ct. at 1608).

*Tipton,* 965 F.2d at 998 (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). " 'The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in h[er] favor.' " *Tipton,* 965 F.2d at 999 (quoting *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513) (citing *Adickes,* 398 U.S. at 158–159, 90 S.Ct. at 1608–1609). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356 (quotation marks and citation omitted).

## II.  PLAINTIFF'S TITLE VII ACTION

■  At the summary judgment stage in a Title VII action, "The nonmoving party must not simply set forth some minimal evidence regarding the claim; the party must show that there is sufficient evidence to enable a reasonable jury to return a verdict in his or her favor." *Kurtz v. Vickrey,* 855 F.2d 723, 735 (11th Cir.1988). The nonmovant may not rest on mere allegations where such party bears the burden on the dispositive issues at trial. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989).

### A.  Burden of Proof for Discrimination under Title VII

Title VII states that it is "an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1).

In the action before this Court, Plaintiff does not have direct evidence of discrimination. Therefore, Plaintiff must meet the legal standard found in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–1825, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–253, 101 S.Ct. 1089, 1093–1094, 67 L.Ed.2d 207 (1981). In order to make out a *prima facie* case of discrimination based on race and/or sex under *McDonnell Douglas,* a plaintiff must show by a preponderance of the evidence:

(i) that [s]he belongs to a racial minority; (ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite h[er] qualifications, [s]he was rejected; and (iv) that, after h[er] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Once a plaintiff establishes a *prima facie* case, an inference of discrimination is created. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506, 113 S.Ct. 2742, 2746, 125 L.Ed.2d 407 (1993)(quoting *Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094). A burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action to rebut the inference of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. The nondiscriminatory reason, however, need not be proven. *Burdine,* 450 U.S. at 254–55, 101 S.Ct. at 1094–95. The defendant is only required to set forth reasons "which, *if believed by the trier of fact,* would support a finding that unlawful discrimination was not the cause of the employment action." *Hicks,* 509 U.S. at 507, 113 S.Ct. at 2747. The defendant, however, only has the burden of *production. Id.* "[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*

Once the defendant employer produces evidence that the decision was motivated by legitimate, non-discriminatory reasons, the presumption created by the plaintiff's *prima facie* case is eliminated and the burden of persuasion shifts back to the plaintiff to show, by significantly probative evidence, that the employer's reason is only a pretext for discrimination. *Coutu v. Martin County Bd. of County Comm'rs,* 47 F.3d 1068, 1073 (11th Cir.1995). The plaintiff must then come forth "with evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs v. Plantation Patterns,* 106 F.3d 1519, 1528 (11th Cir.1997)(citing

*Burdine* 450 U.S. at 256, 101 S.Ct. at 1095; *McDonnell Douglas,* 411 U.S. at 804, 93 S.Ct. at 1825.). The plaintiff must prove that the reasons given were a mere pretext for discrimination. *Hicks,* 509 U.S. at 525, 113 S.Ct. at 2756. "[A] reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *Hicks,* 509 U.S. at 515, 113 S.Ct. at 2752.

The United States Court of Appeals for the Eleventh Circuit has recently explained that:

> A plaintiff may prove pretext either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Because the plaintiff bears the burden of establishing pretext for discrimination, he must present significant probative evidence on the issue to avoid summary judgment. Conclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where an employer has offered extensive evidence of legitimate, non-discriminatory reasons for its actions.

*Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir.1996) (citations, internal quotation marks, brackets and ellipses omitted). Moreover, the Eleventh Circuit has further explained that:

> When deciding a motion by the defendant for [summary judgment] in a discrimination case in which the defendant has proffered nondiscriminatory reasons for its actions, the district court's task is a highly focused one. The district court must, in view of all the evidence, determine whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered "legitimate reasons were not what actually motivated its conduct." The district court must evaluate whether the plaintiff has demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reason for its

action that a reasonable factfinder could find them unworthy of credence."

*Combs,* 106 F.3d at 1538 (citations omitted). Therefore, in the context of summary judgment, the plaintiff nonmovant, in the face of a proffered non-discriminatory motive, must offer substantial evidence from which a jury could find that the employer's reasons are pretextual, either through evidence of discriminatory motive or through evidence that the proffered nondiscriminatory reasons were false. *See Hicks,* 509 U.S. at 511, 113 S.Ct. at 2749; *Combs,* 106 F.3d at 1538.

Accordingly, to oppose Defendants' Motion for Summary Judgment in this action, Plaintiff must offer probative evidence that her race and/or sex motivated the Defendants' decision not to hire Plaintiff. Plaintiff need not prove that the actions of the Defendants' were solely motivated by her race and/or sex, but she must offer substantial evidence that her race and/or sex was the factor that made a difference. *See Elmore v. Capstan, Inc.,* 58 F.3d 525, 530 (10th Cir.1995). "[O]nce a plaintiff has established a prima facie case and has put on sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation for its actions, that alone is enough to preclude entry of judgment as a matter of law." *Combs,* 106 F.3d at 1532.

## B. Plaintiff's Claims against Defendant

▆ In the instant action, Plaintiff has presented sufficient evidence to establish a *prima facie* case. Plaintiff, an African American female, is a member of a protected class; she was qualified for the job through her numerous years experience as a police officer and a switchboard operator in the National Guard; despite her qualifications she was rejected; and after her rejection Defendants continued to seek applicants from persons of Plaintiff's qualifications. Defendants, in turn, have proffered numerous nondiscriminatory reasons for their action. These reasons include: Plaintiff's ability to absorb a substantial pay cut, concern over her length of employment, her inability to make the transition from police officer to RCO, her previous employment with the Department of Corrections, and two unfavora-

ble recommendations given by Kelly and Hunt.

By accepting this job, Plaintiff would be taking approximately a $6,000 per year pay cut. Chief Oliver claims that he felt Plaintiff would not be able to financially absorb such a reduction in salary. In fact, Oliver questioned Plaintiff about the reduced salary during the interview. While Plaintiff informed Oliver that the reduction would not be a problem, Oliver claims he did not put much stock in her reply. Oliver stated he felt Plaintiff would use the job as a stepping stone for a promotion to a police officer. Chief Oliver did not want to spend the time and money training Plaintiff if she was only going to stay in the position for a short period of time.

Defendants also point to two negative references given by Kelly and Hunt as legitimate nondiscriminatory reasons Plaintiff was not hired. When approached by Chief Oliver, Kelly told him that she did not think Plaintiff would be a good RCO due to the fact that Plaintiff was currently a police officer with the City of Thomasville. Kelly indicated to Oliver that there was a tremendous difference in the jobs and that it would be difficult for her to step back from a police officer position into an RCO position. Kelly also informed Oliver that it was her understanding from officers in Thomasville that Plaintiff was not a motivated employee. Kelly also expressed her concern that the differences in the two cities' technology and professionalism would make the switch difficult. Based on these opinions Kelly did not recommend Plaintiff for employment.

The recommendation from Hunt was also less than favorable. Hunt informed Oliver that it was his understanding that Lewis had left the Department of Corrections because she was found asleep on her tower post during job hours. Hunt also expressed concerns about Plaintiff taking a substantial pay cut to become a RCO.

Since the Defendants have articulated legitimate nondiscriminatory reasons, the presumption created by Plaintiff's *prima facie* case is eliminated and the burden of persuasion shifts back to Plaintiff to show, by significantly probative evidence, that Defendants' reasons are only a pretext for discrimination. *Coutu,* 47 F.3d at 1073. Plaintiff can prove pretext by presenting enough evidence that a reasonable factfinder could determine that either a discriminatory reason more likely motivated the employer or the explanations given for not hiring the individual is unworthy of credence. *Mayfield v. Patterson Pump Co.,* 101 F.3d 1371, 1376 (11th Cir.1996). Plaintiff has provided no evidence that a discriminatory reason more likely motivated the Defendants. In fact, Plaintiff stated in deposition that she has heard nothing but positive remarks about the City of Jackson Police Department from fellow African Americans. She further stated that she has never heard that the city of Jackson Police Department is a racially hostile or gender hostile environment. However, even without evidence that a discriminatory reason more likely motivated the Defendants, Plaintiff can defeat summary judgment if she can put on sufficient evidence to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for his actions that a reasonable fact finder could find them unworthy of credence." *Combs,* 106 F.3d at 1538. Plaintiff contends that there is enough evidence to allow the factfinder to disbelieve the Defendants' legitimate nondiscriminatory reasons. The Court disagrees.

First of all, the Plaintiff argues that the Defendants cannot refuse employment based on Plaintiff's demeanor and mannerism during the interview. Plaintiff claims that these reasons are subjective and ambiguous and should therefore not support a motion for summary judgment. The Court cannot find where in the Defendants' "Motion for Summary Judgment" [Doc. 13] or "Brief ... in Support of Motion ..." [Doc. 14] the Defendants claims that Plaintiff's demeanor and mannerism were part of their reason not to hire Plaintiff. It is true that in Chief Oliver's deposition he discusses Plaintiff's behavior during the interview as one reason why he did not hire her. However, this reason was never argued in the Defendants' motion or brief.

Plaintiff next argues that there is enough evidence to allow the factfinder to disbelieve that the Defendants relied on the unfavorable recommendations by Kelly and Hunt. Plaintiff contends that Kelly lacked enough first hand knowledge of Plaintiff to give an adequate recommendation. Plaintiff further contends that, due to this lack of knowledge, a reasonable factfinder could conclude that the Defendants' proffered legitimate reasons were not what actually motivated the Defendants' conduct. In support of her contention, Plaintiff points out that (1) Chief Oliver did not go into detail with Kelly about her knowledge of Plaintiff; (2) Kelly had no personal knowledge of Plaintiff's skills nor had she witnessed Plaintiff perform any of her duties; and (3) Kelly's information was derived from some unknown co-workers. The Court, however, does not agree with Plaintiff that this evidence is sufficient. "[Plaintiff] confuses disagreement about the wisdom of an employer's reason with disbelief about the existence of that reason and its application in the circumstances." *Combs*, 106 F.3d at 1543. Reasonable people may disagree about whether Chief Oliver should have relied on Kelly's recommendation without further inquiry, but such disagreement does not create a basis to disbelieve Chief Oliver's explanation that he in fact based his decision on the unfavorable recommendation. *See Combs*, 106 F.3d at 1543.

Plaintiff makes a similar argument with regard to the comment made by Hunt. Plaintiff claims there is enough evidence for a reasonable factfinder to disbelieve that Chief Oliver relied on the statements made by Hunt. Plaintiff points to the following facts as evidence: (1) Hunt had no association with Plaintiff; (2) Hunt did not know anything about Plaintiff's character or habits; and (3) Hunt did not say anything bad about Plaintiff. Once again the question is not whether Chief Oliver *should* have relied on the statement by Hunt. The question is whether Chief Oliver actually relied on those statements. The 11th Circuit recently stated:

> [F]ederal courts do not sit and second-guess business judgment of employers. Stated somewhat differently, a plaintiff may not establish that an employer's proffer reason is pretextual merely by questioning the wisdom of the employer's reason, at least not where, as here, the reason is one that might motivate a reasonable employer.

*Combs*, 106 F.3d at 1543. Therefore, this Court feels that Plaintiff failed to produce sufficient evidence to permit a reasonable factfinder to disbelieve the Defendants' proffered nondiscriminatory explanation that they did not hire Plaintiff because of the unfavorable recommendations and previous employment problems with the Department of Corrections.

Furthermore, the Defendants have offered numerous other nondiscriminatory reasons such as: concern over Plaintiff's ability to absorb a substantial pay cut, concern over her length of employment, and concern over her ability to make the transition from police officer to RCO. The Court feels that Plaintiff has not demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Defendants' other nondiscriminatory reasons such "that a reasonable factfinder could find them unworthy of credence." *Combs*, 106 F.3d at 1538. Plaintiff only points to the fact that Chief Oliver did not make any inquiry about his concerns to Plaintiff. This is not evidence that Chief Oliver's proffered reasons are unworthy of credence. Plaintiff has only made conclusory statements which do not discredit the Defendants' motives.

In summary, Plaintiff has failed to produce evidence sufficient to permit a reasonable factfinder to disbelieve Defendants' proffered nondiscriminatory reasons. The Court, therefore, finds that Defendants have met their burden in proving that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law. The Court further finds that Plaintiff has failed to rebut the same.

### *CONCLUSION*

Due to the foregoing, the Court **FINDS** that there are no genuine issues of material fact in this matter so that judgment should be entered in favor of Defendants as a matter of law. Accordingly, the Court **FINDS**

that Defendants' Motion for Summary Judgment is due to be and hereby is **GRANTED.**